In re Henry J. GONNELLI, Jr., Marie Gonnelli.

Bankruptcy No. 89–13.

United States Bankruptcy Court, D. Delaware.

May 11, 1990.

Francis A. Monaco, Jr., Walsh & Monzack, Wilmington, Del., for debtor.

Jeffrey S. Welch, Ashby, McKelvie & Geddes, Wilmington, Del., for First Federal Savings & Loan.

HELEN S. BALICK, Bankruptcy Judge.

This is the Court's Opinion on the Debtors' objections to First Federal Savings & Loan's proof of claim. In addition to the parties' stipulation of fact, the Court has taken judicial notice of its record.

The Debtors do not dispute that First Federal is entitled to the principal and interest portion of a default judgment entered August 24, 1988, on First Federal's mortgage foreclosure complaint in Superior Court. They do dispute First Federal's claim to the extent it includes the late charges and attorneys' fees portion of that judgment. The Debtors took no action with respect to that judgment before filing their bankruptcy case at 8:59 a.m. on January 10, 1989, which stayed a Sheriff's sale of their real property scheduled for that morning.

The Debtors contend that the claim is time barred or, alternatively, First Federal as the holder of a non-consensual lien is not entitled to late charges or attorneys' fees under 11 U.S.C. § 506(b). Neither argument is meritorious.

The Debtors listed the judgment on their schedules as being in the approximate disputed amount of $90,000. The order for the "341" meeting directed that any creditor notified that his claim is disputed must file a proof of claim on or before the first date set for disclosure statement hearing. Debtors did not comply with Local Order # 11 requiring debtors within 15 days of the filing of their schedules and statements to notify holders of disputed claims of their position. The Debtors stated their position in their disclosure statement, which was noticed for hearing on October 10 and to which First Federal filed an objection on October 4. That objection went not only to the lack of adequate information but also stated with specificity a claim in the total amount of $114,481.10.

An amended disclosure statement was approved on October 10. On November 13, First Federal filed a proof of claim in the amount of $81,262.15, plus interest, late charges and attorneys' fees. The Debtors filed an amended plan on November 16 which was confirmed November 20 over First Federal's objection. The next day, First Federal filed an amended proof of claim for $95,848.44, plus interest. This amount reflects the dollar amount of the default judgment and conforms to the Court's ruling of November 20 that First Federal was not entitled to any late charges or attorneys' fees subsequent to the entry of judgment.

Section 506(b) of title 11, United States Code, permits a creditor whose claim is secured by property greater than the amount of its claim to recover fees, costs or charges which are provided for in the agreement from which the claim arose.

First Federal's claim arose from the note and mortgage the Debtors executed in connection with a loan. The note and mortgage provided for the payment of late charges and attorneys' fees and were approximately included in the default judgment. Thus, at the time of the bankruptcy filing, First Federal held a valid state court judgment based upon a consensual lien in the amount of $95,848.44, plus interest.

Having determined that the late charges and attorneys' fees stated in the default judgment are an appropriate part of First Federal's claim, the question is whether the disputed portion of First Federal's claim is time barred because of its

failure to file a proof of claim before the first scheduled disclosure statement hearing on October 10. First Federal's pleading to the Debtors' disclosure statement specifically states the nature of its claim, its components and respective amounts, and an intent to hold the Debtors liable for the total amount of the judgment plus interest from the judgment entry date. It meets the test for an informal proof of claim and is subject to post bar date amendment so long as there is no attempt to establish a new theory of recovery. *In Re Mitchell,* 82 B.R. 583 (Bkrtcy.W.D.Okl. 1988).

The first formal proof of claim does not assert any new theory of recovery. It is based on the same judgment but reflects an increased amount for accrued interest, late charges and attorneys' fees. The second proof of claim conforms to the Court's rulings on issues relating to the claim during the hearing on confirmation. Therefore, First Federal Savings & Loan's claim in the amount of $95,848.44, plus interest at the judgment rate to January 10, 1989, is allowed.

IT IS SO ORDERED.